UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LAWRENCE L. HANCOCK a/k/a ROMEO L. EARVING,<br><br>        Plaintiff,<br><br>v.<br><br>DALE TALBOTT, *et al.*<br><br>        Defendants. | 21-2286 |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and previously detained at Vermilion County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for failure to protect from harm. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. The motion is granted.

## PRELIMINARY MATTERS

### Defendant's Motion to Strike (Doc. 27)

Defendant asks the Court to strike Plaintiff's sur-reply to Defendant's motion for summary judgment because the local rules do not allow sur-replies and Plaintiff filed it without seeking leave to do so. The Court has discretion to enforce local rules, and, given Plaintiff's pro se status, the Court will consider the arguments made in Plaintiff's sur-reply to the extent that they are relevant to his claims. Defendant's motion is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party,

and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was a pretrial detainee at Vermilion County Jail ("jail") from July 28, 2021, until December 16, 2021. Defendant Talbott was a correctional officer at the jail.

Officials housed Plaintiff in J-Block at Plaintiff's request. Pl.'s Dep. 10:7-8. J-Block is an isolation housing unit used to house detainees for disciplinary reasons and for Covid-19 quarantines. *Id.* 9:24-10:1. The cell block contains four cells with one detainee per cell. *Id.* 10:18-20. Only one detainee is permitted out of his cell at any given time. *Id.* 13:6-8

Officials housed Plaintiff in a cell next to another detainee Plaintiff described as "acting real crazy, weird" since the day he arrived. *Id.* 14:7-8. Plaintiff nonetheless resided in the same cell block as this detainee without incident for approximately two months. *Id.* 20:14 Plaintiff testified that he did not have any disagreements with the detainee, and that he occasionally gave him commissary items or books to help him calm down. *Id.* 20:14-21.

Plaintiff testified that, on November 6, 2021, Defendant Talbott had escorted him to the shower. *Id.* 18:7-8. When Plaintiff finished showering, Defendant Talbott opened the other detainee's cell so he could escort that detainee to the shower after Plaintiff returned to his cell. (Doc. 22-2 at 1, ¶ 6). Upon return to the cell block, the other detainee was outside of his cell,

standing between Plaintiff and Plaintiff's cell. Pl.'s Dep. 20:3-4. Plaintiff described what happened next:

> I don't think nothing of [the detainee being outside his cell], try to go right past him and he just swings on me. Starts swinging on me…Once he hits me, I look at him, but I take my steps back into the wall. Once I got my back up against the wall, I put my guard up and I am watching him. He is trying to get me some punches. He is hitting me, hitting me. I am holding my guard up real nice and tight. And then [Defendant Talbott] comes and grabs him. And grabs him, pulls him out of the cell.

*Id.* 19:1-11. Plaintiff testified that the detainee had said nothing prior to the attack, and that he was "completely surprised" by it. *Id.* 20:10-12. Plaintiff had not told jail officials that he feared an attack prior to that incident, nor had he asked for different housing assignment. *Id.* 17:8-11; 22:10-16. Plaintiff had no further contact with the detainee thereafter. *Id.* 28:20-23.

## ANALYSIS

Jail officials violate the Fourteenth Amendment when they fail to take reasonable measures to ensure a detainee's safety. *Kemp v. Fulton Cty.*, 27 F.4th 491, 497 (7th Cir. 2022). To prevail, a plaintiff must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, *even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved*—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 496 (emphasis in original). The objective reasonableness inquiry "requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have [violated the plaintiff's constitutional rights] and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909

F.3d 881, 888 (7th Cir. 2018). Liability attaches only where the official "acted purposefully, knowingly, or perhaps even recklessly" when taking the actions at issue—negligence, or even gross negligence, will not suffice. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018).

Defendant Talbott intentionally opened the door to Plaintiff's assailant's cell prior to his and Plaintiff's return to the cell block. A reasonable officer in Defendant's position could not have appreciated that a substantial risk of attack existed at the time he opened the door—Plaintiff had resided on the same cell block with the detainee for several months without incident, and he had never communicated any fears of attack to jail officials. Plaintiff's testimony that he was "completely surprised" by the attack does not permit a reasonable inference that circumstances existed suggesting an attack was imminent. Once the attack occurred, jail officials separated the two detainees.

The record does not permit a reasonable inference that Plaintiff faced a substantial risk of harm or that Defendant Talbott's actions were objectively unreasonable under the circumstances. Defendant Talbott's alleged failure to follow jail protocol does not, on its own, establish a constitutional violation. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) ("[A] violation of a jail policy is not a constitutional violation enforceable under 28 U.S.C. § 1983."). The Court finds that no reasonable juror could conclude that Defendant Talbott violated Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion [27] is DENIED.**

2) **Defendants' Motion for Summary Judgment [22] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for**

**leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 22nd day of August, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE